PER CURIAM.
Appellees (hereafter Ann Ford) sued appellant (hereafter Shell) and recovered a real estate commission of $20,000.
The evidence reflects that in November 1979 Shell’s lawyer wrote Ann Ford advising that Shell contemplated purchasing certain apartments in Fort Lauderdale and that, if the purchase was consummated, a real estate brokerage commission of $100,-000 would be due and payable.
Subsequently, on January 15, 1980, Shell’s lawyer again wrote Ann Ford, stating:
Confirming our understanding relative to the purchase of the Galt Ocean Terrace Apartments by Shell Development Corporation, you have agreed to accept a real estate sales commission for and on account of this transaction, the sum of EIGHTY THOUSAND AND NO/100 ($80,000) DOLLARS. This sum will be placed in escrow upon the execution of the purchase contract and will be paid to you at the closing of this transaction.
*410 It is further understanding that the only brokers involved in this transaction are Ann Ford, Inc. and Trans-Florida Realty Corporation and that if any other broker claims a right to share in that commission, such share will be paid if at all, by Trans-Florida Realty Corp.
This Agreement and Understanding su-percedes (sic) and voids my letter dated November 7, 1979.
Please acknowledge acknowledgment and acceptance of this Agreement by having a copy of this letter fully executed and returned to me.
The letter was approved by the appellees.
Prior to the filing of this suit the $80,000 commission mentioned in the letter of January 15, 1980, was the subject of an inter-pleader action filed by the purchaser’s attorney because a third party claimed a portion of the commission. In that interpleader action Ann Ford filed a third party complaint claiming the commission. This suit was settled and Ann Ford received $65,000.
The present suit was commenced to recover an additional $20,000 in commission. At trial the court, upon a ruling that the letter of January 15, 1980, was ambiguous, allowed Ann Ford to adduce evidence that Shell had agreed prior to the writing of that letter to an additional commission of $20,000. Shell objected on parole evidence grounds but the objection was overruled. We have considered Ann Ford’s arguments in her brief and at oral argument regarding alleged ambiguities in the letters of November 1979 and January 1980. However, we hold that there are no ambiguities in the letter of January 1980, thus the admission of parole evidence of an agreement for additional commission was improper.
Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to enter judgment for appellant Shell Development Corporation, Inc.
REVERSED AND REMANDED, with directions.
DOWNEY, HURLEY and DELL, JJ., concur.